**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| HARTFORD UNDERWRITERS § <br> INSURANCE COMPANY, § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO. 1:22-cv-129 <br> V. § <br> § <br> RYLI BLUE LLC DBA RYLI BLUE § <br> SALON AND MICHAEL ROSARIO § <br> § <br> Defendants. § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hartford Underwriters Insurance Company ("Plaintiff" or "The Hartford") files this Complaint for Declaratory Judgment against Defendants Ryli Blue LLC d/b/a Ryli Blue Salon ("Ryli Blue") and Michael Rosario ("Rosario") (Ryli Blue and Rosario are collectively referred to herein as "Defendants") and in support thereof, states as follows:

**I.**
**NATURE OF THE ACTON**

1.  The Hartford brings this action seeking a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2.  This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under an insurance policy issued by The Hartford to Ryli Blue in connection with an underlying lawsuit styled *Sirlene Zamora v. Michael Rosario & Ryli Blue LLC*; Cause No. D-1-GN-21-006934 in the 126th Judicial District Court of Travis County, Texas (the "Underlying Lawsuit"). A true and correct copy of Plaintiff's Original Petition, Rule 193.7 Notice, and Jury Demand, With Request for Disclosure in the Underlying Lawsuit is attached hereto as Exhibit 1.

3. The Hartford seeks declarations that it does not owe a duty to defend or indemnify the Defendants for the Underlying Lawsuit.

## II.
## PARTIES

4. The Hartford is now and was at all relevant times a corporation formed under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

5. Defendant Ryli Blue is a Texas limited liability company with a principal place of business in Austin, Texas. Ryli Blue may be served with process through its registered agent, Ryan Puschman, 8500 Grandview Dr., Jonestown, Texas 78645.

6. Defendant Michael Rosario is resident of the State of Texas, and may be served with process at his place of employment, Ryli Blue Salon at 3517 Hyridge Dr., Austin, Texas 78759.

## III.
## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(j)(d), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is appropriate in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b)(2), because this is a civil action in which subject matter is founded only on diversity of citizenship and the action is brought in a judicial district where the Defendants reside, and this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

# IV.
# FACTUAL BACKGROUND

### A. The Underlying Lawsuit

9. Plaintiff Sirlene Zamora alleges that she was a customer at Ryli Blue on February 28, 2021 undergoing hair highlighting treatment. [Exhibit 1 at APP 00002].

10. Zamora alleges that Rosario was an employee of Ryli Blue. [*Id.*]

11. Zamora alleges that Rosario seated her under a stand-alone hair dryer, without any directions or warnings, and set the stand-alone hair dryer's temperature dangerously high, causing her to suffer serious bodily injury. [*Id.*]

12. Zamora alleges that, due to the negligence and gross negligence of the Defendants, she suffered severe damage to her head hair, and injuries to other parts of her body. [*Id.* at APP 00002 - APP 00003].

13. Zamora alleges that Defendants were guilty of negligence toward her in the following respects:

    a. failure to properly set the temperature of the stand-alone hair dryer;

    b. failure to warn Zamora on the risks and dangers of having chemically-treated hair dried by a stand-alone hair dryer;

    c. failure to supervise Zamora while her hair was being treated by the stand-alone hair dryer;

    d. failure to lower the temperature of the stand-alone hair dryer and/or turn off the hair dryer;

    e. failing to provide for Zamora's safety under the circumstances; and

    f. failure to provide first aid to Zamora's injury, recommend Zamora seek licensed medical attention, or call ambulance services.

[*Id.* at APP 00003].

14. Zamora brings causes of action for Negligence, Premises Liability, Respondeat Superior, and Gross Negligence, and seeks damages of over $1,000,000. [*Id*. at APP 00003 – APP 00007].

**B.    The Policy**

15. The Hartford issued its Business Owner's Policy No. 76 SBW AH1DKS to Ryli Blue for the Policy Period of July 31, 2020 to July 31, 2021, subject to a limit of liability of $500,000 under the Liability and Medical Expense Limit.  A true and correct copy of the Policy is attached hereto as Exhibit 2.

*Business Liability Coverage*

16. The Policy is issued to "Ryli Blue, LLC DBA Ryli Blue Salon" as the Named Insured.  [Exhibit 2 at APP 00061].

17. Section C of the Business Liability Coverage Form SL 00 00 10 18 (the "Business Liability Part") provides, in relevant part:

> **C.  WHO IS AN INSURED**
>
>    1. If you are designated in the Declarations as:
>
>       \*\*\*
>
>       c. a limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>
>       \*\*\*
>
>    2. Each of the following is also an insured:
>
>       a. Employees and Volunteer Workers
>
>          Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees" … but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business…

[*Id*. at APP 00203].

18. The Liability and Medical Expenses Definitions of the Business Liability Part includes the following:

> 8. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

[*Id*. at APP 00210].

19. The Insuring Agreement of the Business Liability Part of the Policy provides the following:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.
>
> ***
>
> b. This insurance applies:
>
> > (1) To "bodily injury" and "property damage" only if:
> >   (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >   (b) The "bodily injury" or "property damage" occurs during the policy period; …

[*Id*. at APP 00192].

20. The Liability and Medical Expenses Definitions of the Business Liability Part of the Policy includes the following:

> 5. "Bodily injury" means physical:
>   a. Injury;
>   b. Sickness; or
>   c. Disease

> sustained by a person and, if arising out of the above, mental anguish or death at any time.

> ***

> 16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[*Id*. at APP 00209, APP 00211].

21. The Exclusions of the Business Liability Part of the Policy provides, in exclusion j. (the "Professional Services Exclusion"):

> This insurance does not apply to:
>
> ***
>
> j. **Professional Services**
>
> > "Bodily injury", "property damage", or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:
> >
> > ***
> >
> > (6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;
> >
> > ***
> >
> > This exclusion applies even if the claims allege negligence or other wrongdoing in the supervisions, hiring, employment, training or monitoring of others by an insured, if the 'bodily injury', 'property damage', or 'personal and advertising injury' arises out of the rendering of or the failure to render any professional service.

[*Id*. at APP 00198].

22. Ryli Blue and Rosario submitted the Underlying Lawsuit to The Hartford requesting coverage under the Policy. By letter dated February 10, 2022, The Hartford agreed to provide Ryli Blue and Rosario with a defense for the Underlying Lawsuit subject to a full reservation of rights, but advised that it would be filing this action seeking a declaration from the Court that there is no defense and indemnity coverage under the Policy for Ryli Blue and Rosario because the Professional Services Exclusion applies to the allegations in the Underlying Lawsuit.

Further, there is no defense and indemnity coverage for Rosario because he is not an insured under the Policy.

## V.
## CAUSES OF ACTION

23. The Hartford incorporates by reference the allegations of all the foregoing paragraphs of this Complaint and incorporates them here as if fully set forth.

### Count I

**Declaratory Relief: No Duty to Defend the Defendants in the Underlying Lawsuit**

24. There exists a genuine and bona fide dispute and an actual controversy and disagreement between The Hartford and Ryli Blue and Rosario about whether The Hartford has a duty to defend the Defendants in connection with the Underlying Lawsuit.

25. The Hartford seeks a declaration from this Court that it does not have a duty to defend the Defendants with respect to the Underlying Lawsuit.

26. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, The Hartford has no duty to defend Ryli Blue in the Underlying Lawsuit under the Policy and applicable law because Exclusion j. specifically excludes from coverage "bodily injury'" arising out of the rendering of or failure to render any professional service, including but not limited to "[a]ny service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming".

27. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, The Hartford has no duty to defend Michael Rosario in the Underlying Lawsuit under the Policy and applicable law because: (a) Rosario is not an "employee" and thus is not an insured under the Policy; and (b) even if Rosario were an insured

(which he is not), exclusion j. specifically excludes from coverage "bodily injury" arising out of the rendering of or failure to render any professional service, including but not limited to "[a]ny service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming".

## Count II

**Declaratory Relief: No Duty to Indemnify the Defendants in the Underlying Lawsuit**

28. There exists a genuine and bona fide dispute and an actual controversy and disagreement between The Hartford and the Defendants about whether The Hartford has a duty to indemnify Ryli Blue and Rosario in connection with the Underlying Lawsuit.

29. The Hartford seeks a declaration from this Court that it has no duty to indemnify the Defendants with respect to the Underlying Lawsuit.

30. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, The Hartford has no duty to indemnify Ryli Blue in the Underlying Lawsuit under the Policy and applicable law because Exclusion j. specifically excludes from coverage "bodily injury" arising out of the rendering of or failure to render any professional service, including but not limited to "[a]ny service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming".

31. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, The Hartford has no duty to indemnify Michael Rosario in the Underlying Lawsuit under the Policy and applicable law because: (a) Rosario is not an "employee" and thus is not an insured under the Policy; and (b) even if Rosario were an insured (which he is not), exclusion j. specifically excludes from coverage "bodily injury"

arising out of the rendering of or failure to render any professional service, including but not limited to "[a]ny service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming".

## VI.
## PRAYER FOR RELIEF

WHEREFORE, The Hartford respectfully requests and prays for the following relief:

a.  A declaration that The Hartford owes no duty to defend Defendants Ryli Blue LLC and Michael Rosario under the Policy in the Underlying Lawsuit, including but not limited to litigation expenses, costs and/or appeal bonds;

b.  A declaration that The Hartford owes no duty to indemnify Defendants Ryli Blue LLC and Michael Rosario under the Policy for any fees, costs, settlements, judgments or otherwise as a result of the Underlying Lawsuit;

c.  A declaration that the Policy provides no policy benefits and no coverage for the amounts sought in the Underlying Lawsuit; and

d.  A declaration or an award to The Hartford of such other and further relief that this Court deems just, proper, and equitable.

Respectfully submitted,

By: */s/Janet Tolbert*
Janet Tolbert
State Bar No. 10300510
janet.tolbert@wilsonelser.com
WILSON ELSER MOSKOWITZ
   EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, TX 75202-3758
Telephone: 214-698-8000
Fax: 214-698-1101

**ATTORNEYS FOR PLAINTIFF,
HARTFORD LLOYDS INSURANCE
COMPANY**